IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JASPER VICK, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2744-B/P |
| M. LOVE, et al., | X | |
| Defendants. | X | |

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jasper Vick, Tennessee Department of Correction ("TDOC") prisoner number 139471, an inmate at the Whiteville Correctional Facility ("WCF")[1] in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 4, 2005 in connection with his previous incarceration at the Shelby County Criminal Justice Complex ("Jail"). The Clerk shall record the defendants as M. Love, the Inmate Grievance Chairperson at the Jail; Sergeant McKinnie; Deputy Jailer Underwood, a DRT Officer at the Jail; Deputy Jailer T. Chamber, who is described as a "turnkey" at the Jail; Sergeant Lackland; and Dr. Stipanuk.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-21-05



I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison

---

[2]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

2

official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:
   Clerk, United States District Court, Western District of
   Tennessee, 167 N. Main, Room 242, Memphis, TN 38103
and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint sets forth several unrelated claims arising out of the plaintiff's confinement at the Jail. First, the complaint asserts that plaintiff was required to submit to a DNA test under Tennessee law.[3] Defendant Lackland allegedly used

---

[3] Attached to the complaint is a copy of an order issued by a Shelby County Criminal Court Judge on May 27, 2003 that stated as follows:

A hearing was held and upon the proof and after arguments by counsel, the court finds as follows:

1. The defendant is charged with Sexual Battery, and Especially Aggravated Kidnapping.
2. The defendant has no legal right to refuse to provide a blood exemplar.
3. The defendant refused to cooperate with medical personnel and would not provide a blood sample voluntarily.
4. The court then ordered the defendant be transported to the Med, a hospital, and doctors to sedate him so that a sample could be taken for purposes of exclusion or inclusion in the above named indictment.
5. The defendant did not cooperate and medical personnel
(continued...)

4

excessive force when he took that blood sample on July 3, 2003.[4] Plaintiff contends that he suffered injuries to the head, ribs, chest, stomach, and left buttock where a needle was inserted for the DNA test. Defendant Stipanuk allegedly used an unsterilized needle and inserted that needle through the plaintiff's clothing.

Second, the complaint asserts that, on August 1, 2004, defendants McKinnie and Underwood performed a cell search and confiscated legal documents, legal books, and religious material. Although these defendants justified their actions by claiming that plaintiff had excessive legal paper, they did not cite the policy number or produce a copy of the policy for review.

Third, defendant Love allegedly hindered the inmate grievance procedure by failing to render a final decision on certain grievances.

Fourth, on August 22, 2004, defendant T. Chambers refused to allow plaintiff access to unspecified material.

---

[3] (...continued)
   feared injury to themselves or the defendant, if they attempted to sedate him.
   6. The defendant will not voluntarily permit medical personnel to obtain a blood exemplar.

   It is therefore adjudged, ordered and decreed that a blood sample be taken from the defendant. The Sheriff is ordered to physically restrain the defendant. This restraint is to ensure that the defendant can cause no harm to himself, any medical personnel, or law enforcement personnel while the blood exemplar is obtained.

State v. Vick, No. 02-09113 (Shelby County Crim. Ct. May 27, 2003). A similar order was issued on July 1, 2003.

[4] In ¶ 10 of the complaint, plaintiff asserts that the blood sample was taken on July 3, 2003, whereas in ¶¶ 11 and 13 he claims it was taken on July 3, 2004. In light of the dates of the court orders, it seems likely the sample was taken in 2003. For purposes of this order, however, it makes no difference whether the blood sample was collected in 2003 or 2004.

5

Fifth, on being transferred to TDOC custody on January 21, 2005, defendants refused to release the materials that had been previously confiscated from the plaintiff. Plaintiff was allegedly told that the material would be destroyed by Jail officials.

The plaintiff seeks compensatory and punitive damages in the amount of $3 million.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

6

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. Attached to the complaint is a copy of a grievance submitted by the plaintiff on or about February 6, 2004 (Grievance No. 68221). That grievance is allegedly the second grievance filed by this plaintiff concerning the DNA test on July 3, 2003. The grievance asserts that "this grievance concern[s] grievance that the Unit stated that is

7

under investigation where I was taken to the Med Plex and was beaten and sedated June [sic] 3, 2003 by Sgt. Lackland and Dr. Stapinuk [sic]. I have never heard anything after I was told it was under investigation. I talk to Officer Shirley and was told to re submit a grievance on 2/2/04." In the "Action Requested" section, the plaintiff stated: "I would like to know the result of the investigation since I could not follow up because of a shake down according to policy, the grievance was placed into my property 7/2/03 by Officer Parson." T. Shirley received the grievance on February 24, 2004 and responded on that date that "I only told you that if more than twenty-five (25) business days have past [sic] without answer to a grievance, you may resubmit it without it being counted repetitive. <u>I was unable to find, however, that you ever filed a grievance about the alleged incident on 6-3-03. None were filed within 30 days of 6-3-03</u>" (emphasis added).

The plaintiff indicated that he wanted to appeal to level 2, writing that "I was denied adequate medical attention after I was beaten and sedated 6/06/06 and 7/02/03 Off. Parson did seize legal documents, legal mail and legal books which denied me due access to the courts, denied me to act as a pro-se [sic] litigant concerning this matter." The response to that grievance, which is dated March 12, 2004, states: "[Y]ou must submit a grievance number to have this matter researched. We are unable to process this complaint without a grievance number." On March 15, 2004, the plaintiff indicated he wanted to appeal to level 3, writing that "Dr. Stapinuk [sic] or the officer involved took no regaurd [sic]

8

for my health or safety. I was injected without sanitring [sic] the injected area, after being injected through my clothes no follow-up medical care was done by Dr. Stipanuk or the officers to see what my physical conditions may be after I was beaten and sedated. Fabric of my clothes was left imbedded in my skin, which I notice days later after the drugs wore off."

It does not appear that the plaintiff received a response to his level 3 appeal. The plaintiff has submitted a copy of a grievance he purportedly sent to the Jail by certified mail on or about May 31, 2005 asking for a response to his grievance no. 68221. Nothing on the face of that document indicates it was received by the appropriate personnel at the Jail. The fact that the plaintiff has also submitted another document from the postal service, entitled "Mail Loss/Rifling Report," concerning the nonreceipt of the certified letter that was sent to the Jail on June 8, 2005 indicates that the grievance was never received. Plaintiff's claim against defendant Love pertains to his failure to render a final decision on grievance no. 68221 after June 9, 2005.

These documents do not demonstrate that plaintiff exhausted his claims against defendants Lackland, Stipanuk, and Love. First, the fact that the Jail has no record of the plaintiff's original grievance, which was allegedly filed in 2003, means that the plaintiff has failed to demonstrate that he did, in fact, file a grievance at that time. Hartsfield v. Vidor, 199 F.3d 305, 308-09 (6th Cir. 1999). Second, grievance no. 68221 is not, itself, a grievance against defendants Lackland and Stipanuk

concerning the DNA test but, rather, a complaint about the handling of the grievance the plaintiff claims to have filed. The response to grievance no. 68221 makes clear that plaintiff must file a new grievance concerning the DNA test before the substance of the actions of Lackland and Stipanuk would be considered. Plaintiff apparently did not do so and, therefore, he has not exhausted his claims against Lackland and Stipanuk.[5] Third, there is no indication the plaintiff exhausted his claim against defendant Love.

The plaintiff apparently filed a grievance concerning the August 1, 2004 cell search on or about August 3, 2004. That grievance named defendants McKinnie and Underwood. The matter was deemed to be nongrievable on August 9, 2004. The plaintiff tried to appeal, but he was informed on August 16, 2004 that he could not appeal nongrievable grievances. It appears, therefore, that the plaintiff has exhausted his claims against defendants McKinnie and Underwood.

The specific nature of the plaintiff's claim against defendant Chambers is not clear from the complaint. The plaintiff filed a grievance about an incident on August 22, 2004, but that grievance only names defendant McKinnie and another individual who is not a party to this action. It appears, therefore, that the

---

[5] If the plaintiff had filed a new grievance and Jail officials rejected it as untimely, that decision would not have precluded the Court from concluding that the plaintiff had exhausted his administrative remedies. Thomas v. Woolum, 337 F.3d 720, 723 (6th Cir. 2003).

plaintiff has not attempted to exhaust his claim, whatever it may be, against defendant Chambers.[6]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[7]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits.

---

[6] The plaintiff has attached an incident report and a grievance to the complaint that mentions defendant Chambers, but the incident in question occurred on September 8, 2003. Moreover, although that incident was deemed "grievable," meaning that it "[m]eets policy requirements to be investigated," the complaint does not set forth the results of that grievance.

[7] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

11

42 U.S.C. § 1997e(c)(2). Plaintiff's complaint is subject to dismissal in its entirety.

A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The running of the limitations period is tolled while a prisoner exhausts his administrative remedies. Brown v. Morgan, 209 F.3d 595, 596-97 (6th Cir. 2000). The DNA testing occurred on July 3, 2003, twenty-seven (27) months before the filing of the complaint. The plaintiff has not satisfied his burden of demonstrating that he properly filed a grievance concerning this claim and, therefore, there has been no tolling of the limitations period. Plaintiff's claim against defendants Lackland and Stipanuk is, therefore, time barred.

Similarly, plaintiff was informed that the incident involving defendants McKinnie and Underwood was not grievable in August, 2004, and he was advised that the matter was not appealable on or about August 16, 2004. Moreover, plaintiff did not file a grievance concerning the August 22, 2004 incident involving defendant Chambers. This complaint was signed on September 29, 2005 and, even if it is deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988), it is plainly time barred with respect to defendants McKinnie, Underwood, and Chambers.

Plaintiff also has no claim against defendant Love due to his alleged failure adequately to respond to his grievance. Although 42 U.S.C. § 1997e(a) imposes a statutory requirement that

12

prisoners exhaust their administrative remedies before filing lawsuits, misfeasance or malfeasance by prison officials in connection with the grievance process is not grounds for an independent cause of action. See 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case

for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[8] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[8] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

      For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[9]

      IT IS SO ORDERED this 21st day of November, 2005.

                                       J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE

---

[9] The plaintiff previously filed <u>Vick v. Beard, et al.</u>, No. 92-2104-Tu/Bro (W.D. Tenn. dismissed Feb. 6, 1992), which was dismissed as frivolous.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02744 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Jasper Vick
139471
WCFA HF102
1440 Union Springs Road
P.O. BOX 679
Whiteville, TN 38075

Honorable J. Breen
US DISTRICT COURT