IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JASPER VICK,

      Plaintiff,

vs.                                    No. 05-2744-B/P

M. LOVE, et al.,

      Defendants.

---

ORDER TO COMPLY WITH PLRA
OR
REMIT APPELLATE FILING FEE

---

Plaintiff Jasper Vick, Tennessee Department of Correction prisoner number 139471, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 4, 2005 in connection with his previous incarceration at the Shelby County Criminal Justice Complex. The Court issued an order on November 21, 2005 that, inter alia, dismissed the complaint pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), assessed a second "strike" pursuant to 28 U.S.C. § 1915(g), and certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in good faith. Judgment was entered on January 6, 2006. Plaintiff filed a notice of appeal on January 4, 2006, which been docketed by the Sixth Circuit as case no. 06-5115.

In this Court's November 21, 2005 order, the plaintiff was advised that, in order to take an appeal, he must pay the $255 appellate filing fee.[1] Plaintiff was further instructed that, if he wishes to take advantage of the installment procedures for paying the filing fee, he must comply with the procedures set out in the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), and McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

In this case, plaintiff has not submitted a motion for leave to proceed on appeal in forma pauperis. He also has not submitted a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the notice of appeal that shows:

1)   the average monthly deposits, and
2)   the average monthly balance

for the six months prior to filing of the notice of appeal, and

3)   the account balance when the notice of appeal was submitted.

Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $255 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, plaintiff is hereby ORDERED to submit an in forma pauperis affidavit and a certified copy of his trust fund account statement or the full $255 civil filing fee to the following address within thirty (30) days after the entry of this order:

---

[1]      Because the notice of appeal was filed prior to April 9, 2006, the new $455 appellate filing fee would appear to be inapplicable.

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. <u>McGore</u>, 114 F.3d at 605. If plaintiff fails to file the required documentation, the Court will assess the full appellate filing fee, without regard to the installment-payment provisions of the PLRA, and will notify the Sixth Circuit, which will dismiss the appeal for failure to prosecute. <u>McGore</u>, 114 F.3d at 609-10. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full appellate filing fee and regardless of any request for pauper status.

If plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when plaintiff's account balance exceeds $10.

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner <u>in</u> <u>forma</u> <u>pauperis</u> affidavit form along with this

order. The Clerk shall also send a copy of this order to the United

States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 18th day of September, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE